IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cythia L.,

Plaintiff,

v.

Case No. 2:25-cv-649
Judge James L. Graham
Magistrate Judge Karen L. Litkovitz

Frank Bisignano, Commissioner of Social Security,

Defendant.

Opinion and Order

Plaintiff Cynthia L. filed applications for disability insurance benefits and supplemental security income. An Administrative Law Judge (ALJ) denied Plaintiff's applications in a written decision finding that she was not disabled within the meaning of the Social Security Act. Opting not to request review by the Appeals Council, Plaintiff directly filed the instant action.

Plaintiff's Statement of Errors was referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) for a Report and Recommendation, which was issued on June 5, 2026. The Magistrate Judge recommended that the Commissioner of Social Security's decision denying benefits be affirmed. This matter is now before the Court on Plaintiff's objections to the Report and Recommendation.

**I.**

The ALJ conducted a review of the evidence concerning Plaintiff's physical impairments. The ALJ found that Plaintiff has the following severe impairments: gout; migraines; degenerative disc disease of the lumbar spine; obesity; depression; anxiety; borderline personality disorder; and Post-Traumatic Stress Disorder.

The ALJ set forth Plaintiff's residual functional capacity (RFC) as follows:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ramps/stairs, stoop, kneel, crouch, crawl; [n]o climbing ladders/ropes/scaffolds; [n]o more than a moderate noise level as defined in the SCO; no exposure to unprotected heights, moving mechanical parts; [n]o commercial driving; no concentrated exposure to vibration; carry out simple tasks; no work that requires satisfaction of production quotas or that involves assembly line pace; deal with occasional changes in a routine work setting; [o]ccasional interaction with coworkers, supervisors, and the general public.

Doc. 7-9 at PAGEID 1404–1405.

In light of Plaintiff's impairments, the RFC, and a vocational expert's testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy which Plaintiff could perform, including light unskilled occupations such as garment sorter, marker, and inspector. *See id.* at PAGEID 1413–1414.

The ALJ thus concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from January 11, 2019 to the present.

**II.**

In her assignment of errors, Plaintiff asserted that the ALJ erred with respect to the "occasional interaction with coworkers, supervisors, and the general public" component of the RFC determination. Plaintiff argued that the ALJ failed to adequately account for the opinion of state agency psychological consultant, Todd Finnerty, Psy.D. Dr. Finnerty opined that Plaintiff was limited to "brief, infrequent, and superficial contact with others." Doc. 7-3 at PAGEID 135.

The Magistrate Judge was not persuaded by Plaintiff's argument. The Magistrate Judge explained that the ALJ had not rejected the psychologist's opinion but had translated it into "vocationally relevant terms." Doc. 11 at PAGEID 1858. She explained that "the ALJ alone is responsible for determining a plaintiff's RFC," and thus the ALJ has the discretion to refuse to adopt verbatim a psychologist's opinion into the RFC. *Id.* at PAGEID 1857–1858 (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); 20 C.F.R. §§ 404.1546(c), 416.946(c)). The ALJ may "convert and incorporate the limitations set forth in a medical opinion into vocationally relevant terms" when formulating the RFC. *Id.* at 1858 (quoting *Stoodt v. Comm'r of Soc. Sec.*, No. 3:20-cv-2370, 2022 WL 721455, at *16 (N.D. Ohio Jan. 13, 2022)); *see also Modro v. Comm'r of Soc. Sec.*, No. 2:18-cv-900, 2019 WL 1986522, at *7 (S.D. Ohio May 6, 2019). In doing so, the ALJ's obligation is to explain why he is not adopting a restriction as stated by a medical expert and to build a logical bridge between the evidence and the RFC. *See id.* (citing *Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-cv-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020) and *Canty v. Comm'r of Soc. Sec.*, No. 2:15-cv-2221, 2016 WL 5957679, at *3 (S.D. Ohio Oct. 14, 2016)).

The Magistrate Judge found that the ALJ had properly explained the reasons for using different terminology than Dr. Finnerty in the RFC determination. Dr. Finnerty found "moderate impairment" when he evaluated Plaintiff's ability to interact socially. *Id.* In the ALJ's view, the terms "brief" and "superficial" were not useful because they "lack vocationally defined meaning and therefore limit their utility in crafting a functional RFC." Doc. 11 at PAGEID 1860. The ALJ's choice to use the term "occasional" – in describing the limitation on Plaintiff's interactions with coworkers,

supervisors, and the general public – followed "vocationally defined" and "policy compliant" language. *Id.* (citing *Dallas B. v. Comm'r of Soc. Sec.*, No. 2:25-cv-19, 2025 WL 3710871, at *7 (S.D. Ohio Nov. 7, 2025)).

**III.**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

In her objections to the Report and Recommendation, Plaintiff focuses on Dr. Finnerty's opinion that Plaintiff be limited to "superficial" social interaction. Plaintiff argues that the ALJ's decision to adopt a limitation of "occasional" interaction does not sufficiently reflect the "superficial" limitation and is not otherwise supported by the record.

The Court overrules Plaintiff's objection. As both the ALJ and Magistrate Judge highlighted, the specific findings made by Dr. Finnerty were that Plaintiff had, at most, "moderate limitations" in certain aspects of her ability to engage in social interaction.[1] Doc. 7-3 at PAGEID 135. The ALJ found that the term "superficial" was not useful in crafting an RFC because the term is not defined in the relevant policy language. *See* Doc. 7-9 at PAGEID 1411. As the Magistrate Judge explained, the ALJ acted within his discretion to view the term "superficial" in light of the finding of "moderate limitations," and translate it into the vocationally-defined language of "occasional" interaction with others. *See Reeves*, 618 F. App'x at 275.

The Magistrate Judge's reasoning is consistent with a number of recent decisions by judges of this Court, who have found that an opined limitation of "superficial" interaction can be properly translated by an ALJ into a more useful vocational term such as "occasional." Of particular note is the decision in *Stephen D. v. Comm'r of Soc. Sec.*, 734 F.Supp.3d 729 (S.D. Ohio 2024) (Cole, J.). In that case, plaintiff similarly argued that a limitation of "superficial" interaction was not the same as "occasional" interaction. Judge Cole recognized that the two words had slightly different meaning, in

---

[1] Dr. Finnerty rated Plaintiff as "moderately limited" in each of the following categories: (1) ability to interact appropriately with the general public, (2) ability to accept instructions and respond appropriately to criticism from supervisors, and (3) ability to get along with coworkers or peers without distracting them or exhibiting behavioral extreme. Doc. 7-3 at PAGIED 135. Dr. Finnerty rated Plaintiff as "not significantly limited" in her ability to ask simple questions or request assistance and her ability to maintain socially appropriate behavior. *Id.*

that "superficial" encompassed the quality of the interaction, while "occasional" referred to the quantity of frequency of it. *See* 734 F. Supp. 3d at 737. Even so, he found that "'occasionally' does not create a sufficient conflict with 'superficially' when applied to 'interactions.'" *Id* at 738.

> An emphasis on the "qualitative" nature of the vocationally-undefined adjective "superficial" as if in conflict with the defined "quantity" of interaction ignores the reality that time-limited "occasional" interactions in an unskilled work setting are reasonably understood to require only surface-level interactions. . . .
>
> . . . [T]he Court agrees that the modifier "occasionally," whether it specifically means one-third of the workday or generally means from time to time when applied to "interactions," refers to the duration or frequency of the interactions, and not directly to their quality. But when a person is limited to engaging in only short and infrequent interactions, that strongly correlates, as a practical matter, with interactions that are superficial, as well. Given the correlation between the two, the ALJ's decision to use "occasional" instead of "superficial" as applied to "interactions" in calculating the mental RFC suggests that no real conflict exists. And, in turn, that means there is no "inconsistency" that the ALJ must explain.

*Id.* (internal quotations and alterations omitted) Judge Cole further reviewed the caselaw from the Sixth Circuit and other circuits which supported his conclusion. *See id.* 738–39. Other recent decisions from this Court have reached the same conclusion. *See*, *e.g.*, *Deana F. v. Comm'r of Soc. Sec.*, No. 2:25-CV-01121, 2026 WL 1295348, at *5 (S.D. Ohio May 12, 2026) (holding that the ALJ's limitation of "occasional" interaction adequately captured the opined limitation of "superficial" interaction); *Hallie M. v. Comm'r of the Soc. Sec. Admin.*, No. 2:24-cv-1121, 2025 WL 814850, at *4-5 (S.D. Ohio Mar. 14, 2025) (holding that the ALJ did not err in refusing to incorporate the term "superficial" in the RFC and that the ALJ's limitation of "frequent interaction with coworkers and supervisors" was supported by the record and adequately captured the "superficial" limitation by providing that the claimant should avoid conflict and high stress situations).

The Court also overrules Plaintiff's objection that the ALJ's determination is not supported by substantial evidence. The ALJ carefully catalogued and discussed the record concerning Plaintiff's ability to interact with others and to maintain concentration. *See* Doc. 7-9 at PAGEID 1403–1404, 1411–1413. The ALJ observed that nothing in the record pointed to any "extreme" limitation, but only to a "moderate" limitation, as Dr. Finnerty himself had found. *See id.* at PAGEID 1403–1404. The record, for instance, established that Plaintiff had engaged in a number of social activities during the relevant period, including working as a cashier, working at a restaurant, living with a spouse, spending time with family, and grocery shopping. Another psychological consultant found after an evaluation that Plaintiff "easily established rapport" and "remained oriented and calm" with

appropriate affect, appropriate eye contact, clear speech, "appropriate interaction," and organized thought processes. *Id.* at 1409. The consultant found Plaintiff to be capable of maintaining "effective social interactions with supervisors, coworkers, and the public," but he recommended some limitation in light of Plaintiff's mistrust of others and irritability. *Id.* at PAGEID 1412. In sum, the Court agrees with the Magistrate Judge's analysis in finding that the ALJ's limitation of "occasional" social interaction is supported by substantial evidence. *See* Doc. 11 at PAGEID 1861 (the Magistrate Judge's conclusion that the evidence supported "no more than moderate limitations").

**IV.**

Accordingly, Plaintiff's objections (Doc. 12) are OVERULED and the Court hereby ADOPTS the Report and Recommendation (Doc. 11). Plaintiff's Statement of Errors is thus overruled and the Commissioner's decision is AFFIRMED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 7, 2026